UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELMER BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18CV426-PPS/MGG |
| | ) |
| WARDEN, C.A. PENFOLD, | ) |
| and L. GLENN, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Elmer Bryant, a prisoner without a lawyer, filed a complaint attempting to sue three prison officials who were involved with denying him earned credit time. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bryant alleges that on January 27, 2017, C.A. Penfold deprived him of 131 days of earned credit time and demoted his credit classification without due process. He is suing Warden, C.A. Penfold, and L. Glenn for $700,000 as well as the restoration of his earned credit time and credit class. However, "habeas corpus is the exclusive remedy

for a state prisoner who challenges the fact or duration of his confinement . . ..*"* *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Moreover, in *Edwards v. Balisok*, 520 U.S. 641, 643 (1997), the United States Supreme Court explained "that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Id.* (citation and quotation marks omitted). Here, judgment for Bryant in this case would imply the invalidity of his loss of earned credit time which has not yet been overturned and restored. Bryant may not proceed with a claim for monetary damages until that finding is overturned on administrative appeal or in a habeas corpus proceeding. Therefore this case must be dismissed without prejudice.

ACCORDINGLY:

This case is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to send Elmer Bryant a blank AO-241 (Rev. 1/15) (INND Prison Disciplinary Rev. 8/16) and a blank AO-240 (Rev. 7/10) (INND Rev. 8/16).

SO ORDERED on June 7, 2018.

                                                     /s/ Philip P. Simon  
                                                   JUDGE  
                                                   UNITED STATES DISTRICT COURT